**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIDIA G. JABLONSKI, | No. 17-15494 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:13-cv-01510-JAD-VCF |
| WALMART INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 13, 2018**
San Francisco, California

Before: KLEINFELD, W. FLETCHER, and TALLMAN, Circuit Judges.

Plaintiff-Appellant Lidia Jablonski appeals the district court's grant of summary judgment in favor of Defendant-Appellee WalMart Stores, Inc. on her claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.*, and Nevada state law. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

After reviewing the district court's grant of summary judgment de novo, *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013), we affirm.

1.      Even assuming that Jablonski made out a prima facie case of disability discrimination, her ADA discrimination claim fails.  WalMart articulated a non-discriminatory rationale for firing Jablonski:  after she returned from about twenty weeks of leave and her Temporary Alternate Duty (TAD) period ended, she refused to take the only vacant position in the store.  *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998).  Jablonski failed to carry her burden of showing that this rationale was a pretext for discrimination.  *See id.*  Her supervisor's assertion that Jablonski was "no longer job protected" was a factual statement regarding the provisions of WalMart's written leave policy, not direct evidence that "proves the fact [of discriminatory animus] without inference or presumption."  *See id.* at 1221.  Therefore, Jablonski was required to present "specific and substantial" indirect evidence of pretext, *see id.* at 1222, which she failed to do.

2.      WalMart attempted to accommodate Jablonski and adequately engaged in the interactive process.  *See* 29 C.F.R. § 1630.2(o)(3); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002).  Jablonski filed leave requests and submitted medical records to WalMart.  WalMart officials corresponded with her about her leave, granted multiple leave requests, and spoke

to her about her future position. WalMart offered Jablonski several accommodations: personal leave when she ran out of FMLA leave, a ninety-day TAD position that accommodated her medical restrictions, and eventually a permanent cashier position—which she rejected. Jablonski argues that WalMart should have transferred her to another store. But she did not ask to be transferred at the time, and she has not presented any evidence that there were vacant positions for which she was qualified at other stores. Therefore, she has not met her burden of "showing the existence of a reasonable accommodation that would have enabled [her] to perform the essential functions of an available job." *See Dark v. Curry Cty.*, 451 F.3d 1078, 1088 (9th Cir. 2006).

3.      Nor has Jablonski made out a prima facie case of ADA retaliation[1] because she has not linked her termination to any protected activity. *See* 42 U.S.C. § 12203(a); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). Notifying WalMart of her return to Maximum Medical Improvement was part of the process of Jablonski returning to work, not a pursuit of her rights under the ADA. *See Pardi*, 389 F.3d at 850. There also is no evidence that Jablonski complained of discriminatory treatment on the basis of her disability or otherwise

---

[1] Jablonski initially styled this as a "coercion" claim, but the district court (correctly, in our view) construed it as a retaliation claim. Jablonski did not object to that recharacterization on appeal, so we have also analyzed it as an ADA retaliation claim.

attempted to vindicate her ADA rights before she was fired.

Even if Jablonski had made out a prima facie case, her retaliation claim would fail for the same reason her discrimination claim fails: WalMart articulated a non-retaliatory reason for firing her, and she failed to offer any evidence that its rationale was pretextual. *See id.* at 849. The fact that WalMart ended Jablonski's TAD period when it did is hardly evidence of retaliation, given that TAD assignments are limited to a maximum of ninety days. And Jablonski's supervisor's comment about Jablonski not being "job protected" is not evidence of retaliatory intent any more than it is evidence of discriminatory intent.

4.       Jablonski's state-law tortious-discharge claim fails because she has not raised a genuine issue of material fact regarding whether her filing of a worker's compensation claim was "*the* proximate cause" of her termination. *See Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev. 1998). WalMart retained Jablonski for ten months after she filed a worker's compensation claim, and it would have continued her employment had she accepted the cashier position. Furthermore, WalMart presented evidence that it fired her for a non-retaliatory reason, and "recovery for retaliatory discharge under [Nevada] law may not be had upon a 'mixed motives' theory." *See id.*

Costs are awarded to the Appellees.

**AFFIRMED.**